UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 25-CR-00142-SCM

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                          **PLEA AGREEMENT**

DAMIAN EDEL HERNANDEZ-CRUZ                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment charging violations of 18 U.S.C. § 922(g)(5), illegal alien in possession of a firearm, and 8 U.S.C. § 1326(a), illegal re-entry, respectively.

2. The essential elements of Count 1 are as follows:

   (a) That the defendant knowingly possessed a firearm;

   (b) That at the time the defendant possessed the firearm, he was an alien illegally and unlawfully in the United States;

   (c) That the defendant knew at the time of his possession that he was an illegal alien; and

   (d) That the firearm crossed a state line prior to the defendant's possession.

3. The essential elements of Count 2 are as follows:

   (a) That the defendant is an alien;

   (b) That the defendant was deported or removed from the United States;

(c) That the defendant thereafter was found in the United States; and

(d) That the defendant had not obtained permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.

4. As to Counts 1 and 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On October 17, 2025, special agents with the ATF were conducting surveillance at a festival in Montgomery County, Kentucky, which is in the Eastern District of Kentucky. During surveillance, agents observed the Defendant along with two other subjects purchase firearms from various vendors and place them in the back of a truck. As the three subjects left the festival, law enforcement conducted a traffic stop. After receiving consent to search, officers located 18 firearms in the bed of the truck. Each of the firearms was examined by the ATF and determined to have been manufactured outside the Commonwealth of Kentucky and, therefore, had crossed a state line prior to the three subjects' possession.

(b) The Defendant was interviewed by ATF and admitted that he and the other subjects had traveled from Tennessee to purchase the firearms. The Defendant acknowledged that he had purchased at least 4 of the firearms himself. The Defendant further admitted that he was illegally in the United States. Immigration and Customs Enforcement (ICE) later confirmed that the Defendant was an alien unlawfully in the United States and had previously been removed from the country on or about March 11, 2019.

(c) The Defendant admits that he knowingly and unlawfully possessed firearms on October 17, 2025, and that he was, and knew that he was, an alien illegally and unlawfully in the United States at the time of his possession. The Defendant further admits that he did not obtain the permission of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.

5. The statutory punishment for Count 1 is not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised released. The

statutory punishment for Count 2 is not more than 2 years imprisonment, not more than a $250,000 fine, and not more than 1 year of supervised release. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, Manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 2K2.1(a)(6), the base offense level for Count 1 is 14 as the Defendant was a prohibited person at the time of the instant offense.
>
> (c) Pursuant to U.S.S.G. § 2K2.1(b)(1), the parties agree that the offense level for Count 1 is increased by at least 2 levels as the offense involved at least 3 to 7 firearms.
>
> (d) Pursuant to U.S.S.G. § 2L1.2(a), the base offense level for Count 2 is 8.
>
> (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Since the Defendant is not a United States citizen, this conviction may result in his removal or deportation from the United States, a denial of citizenship, and a denial of admission to the United States in the future.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant also consents to the administrative forfeiture of the following property seized on or about October 17, 2025: Astra Constable Pistol, Cal.: 22, SN: 1298711; $5,933.00 in U.S. currency; 2007 Dodge Ram 3500 Truck with VIN 3D7MX48C37G709469; and six (6) assorted firearms magazines. The Defendant agrees that this property is subject to forfeiture because a nexus exists between it and criminal violations. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents or waivers necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the

Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or

indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 1-7-26    By: _____
Francisco J. Villalobos II
Assistant United States Attorney

Date: 30-12-2025    _____
Damian Edel Hernandez-Cruz
Defendant

Date: 12/30/25    _____
Phillip Lawson
Attorney for Defendant